UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| 1st SOURCE BANK, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Cause No. 3:07-CV-589 RM |
| | ) | |
| RYAN CONTRACTING COMPANY, | ) | |
| f/k/a RYAN CONTRACTING | ) | |
| COMPANY, LLC, and | ) | |
| THOMAS J. RYAN, | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

This matter is before the court on 1st Source Bank's motion to strike jury demand. For the reasons that follow, the court grants that motion.

The parties to this case entered into several lease agreements, the alleged breach of which form the basis for this action. Each of the agreements contains the following pargraph:

> WAIVER OF JURY TRIAL: Due to the high cost and time involved in commercial litigation before a jury, Lessee waives all right to a jury trial on all issues in any action or proceeding relating to this lease. No attempt shall be made to consolidate by counterclaim or otherwise, any action or proceeding with any other action or proceeding in which there is a trial by jury or in which a jury trial cannot or has not been waived.

Defendant Thomas J. Ryan also signed two separate guarantee documents containing jury trial waivers with similar language. 1st Source argues that the waiver provisions act as a bar to the defendants' ability to demand a jury trial in their joint and separate answer. The court agrees.

The right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions. Simler v. Conner, 372 U.S. 221, 222 (1963). The Court of Appeals recently held that state law governs the validity of a contractual bench-trial agreement in a case under diversity jurisdiction. IFC Credit Corp. v. United Bus. & Indust. Fed. Credit Union, 512 F.3d 989, 991 (7th Cir. 2008).

The Seventh Amendment provides a right to jury trial in any civil suit in which the value in controversy exceeds twenty dollars, U.S. CONST., Amend. VII, but a party may contract to waive its right to a jury trial and no federal rule requires such agreements to be attended by any extra negotiation or evidence of voluntariness beyond what is required to make the rest of the contract legally effective. IFC Credit Corp., 512 F.3d at 993.[1] Indiana law recognizes a "very strong presumption of enforceability of contracts that represent the freely bargained agreement of the parties." Sanford v. Castleton Health Care Ctr., LLC, 813 N.E. 2d 411, 420 (Ind. Ct. App. 2004) (internal citation omitted) (discussing Indiana Rule of Trial Procedure 38(E) which addresses the relationship of arbitration agreements to the right to a jury trial).

---

[1] Defendants point to Paul Harris Stores, Inc. v. Pricewaterhousecoopers, LLP, 2006 WL 231490 (S. D. Ind. Jan. 31, 2006) for the proposition that a contractual waiver of a right to a jury trial must be knowing and intentional. The court reads the recent Seventh Circuit decision in IFC Credit Corp. to specifically reject this proposition. See IFC Credit Corp., 512 F.3d at 993 (rejecting case law from other circuits requiring a knowing and intelligent waiver in light of Federal Rule of Civil Procedure 38's provisions for the waiver of a jury trial resulting from the simple omission of a jury demand from a complaint or answer).
    Even if the court adopted the standard set forth in Paul Harris, this would not change the outcome as the defendants have put forth no valid arguments that they did not knowingly and intelligently sign the agreements containing the jury trial waiver.

Under Indiana law, express or implied agreements tending to impede the regular administration of justice are void as against public policy regardless of the motives of the parties. Franklin v. White, 493 N.E.2d 161, 165 (Ind. 1986). Indiana courts have, however, upheld numerous contractual provisions that, in one way or another, limit the legal avenues available to a party when such provisions are freely negotiated and not unjust or unreasonable. *See, e.g.*, Adsit Co., Inc. v. Gustin, 874 N.E.2d 1018, 1022 (Ind. Ct. App. 2007) ("Forum selection clauses - even those occurring in form contracts - are enforceable if they are reasonable and just under the circumstances and there is no evidence of fraud or overreaching such that the agreeing party would be deprived of a day in court. Additionally, the provision must have been freely negotiated."); Allen v. Great Am. Reserve Ins. Co., 766 N.E.2d 1157, 1162 (Ind. 2002) ("Indiana choice of law doctrine favors contractual stipulations as to governing law."); Homes by Pate, Inc. v. DeHaan, 713 N.E.2d 303, 306 (Ind. Ct. App. 1999) ("It is well settled that Indiana recognizes a strong policy favoring enforcement of arbitration agreements").

In Sanford, the Court of Appeals of Indiana considered the jury trial waiver implications of an arbitration clause in a contract between the parties. 813 N.E.2d at 420. The court upheld the arbitration clause and found no violation of the plaintiff's constitutional right to a jury trial. Id. In so doing, the court considered that the plaintiff had a minimal business education (two-year business degree), was granted the opportunity to read the contract, and signed the contract just below the arbitration clause. Id. The agreement to submit a controversy to an

3

arbiter rather than to a court necessarily implies an agreement to waive a right to jury trial, and as such, the Sanford court's reasoning extends to an explicit contractual waiver of a right to jury trial as well. *See* IFC Credit Corp., 512 F.3d at 994 (rejecting the disparate treatment of bench-trial and arbitration agreements and the oddity of applying a knowing and intentional waiver standard to a contract when Federal Rule of Civil Procedure 38 does not use such an approach once the case gets to court).

The defendants haven't alleged that they are unsophisticated in business, or that they didn't have an opportunity to read the various contracts. In the lease agreements, the waiver of jury trial paragraph is written in the same case and font size as the rest of the contract and is explicitly headed in all caps. In the guarantees, the waiver of jury trial paragraph is written in bold capital letters and is located immediately preceding the signature line. Thus, even under the stricter knowing and intelligent standard, the defendants may not claim that the waiver was hidden within a form contract or that they did not have knowledge of the provision prior to signing the contract. Instead, the defendants argue that the jury trial wavier provision is invalid because it pertains only to the defendants and not to 1st Source and so lacks mutuality.

An agreement must include mutual obligations in order to be a valid enforceable contract. Terre Haute Reg'l Hosp., Inc. v. El-Issa, 470 N.E.2d 1371, 1377 (Ind. Ct. App. 1984). If both parties to an agreement are not bound than neither is bound, but this doesn't mean that every duty within an agreement must

4

be based upon a corresponding obligation. Id. In addition, a contract doesn't become unenforceable merely because the obligations of the parties differ in quality or quantity. Id.

The defendants have provided no authority to support their argument that both parties must be bound to a waiver of a right to jury trial and the court has not found any such authority in either Indiana or the Seventh Circuit. Rather, the contract must be viewed as a whole in which both parties have undertaken obligations to one another. The defendants don't question the overall validity of the contract or any lack of overall mutuality other than the individual jury trial waiver clause. Nor does the court, in reviewing the agreements, see anything that would render the contracts non-mutual or unenforceable.

Since the agreement to resolve a dispute in a bench trial is no less valid than the rest of the contract in which the agreement appears, IFC Credit Corp., 512 F.3d at 994, the waiver of jury trial clause in the lease agreements and the guarantees is valid and enforceable. As a result, the defendants are barred by their previous contractual obligations from demanding a jury trial in this matter.

Accordingly, the court GRANTS 1st Source Bank's motion to strike jury demand (Doc. No. 10) and ORDERS the demand for jury trial stricken from the defendants' joint and several answer.

SO ORDERED.

ENTERED:   May 5, 2008

/s/ Robert L. Miller, Jr.

Chief Judge
United States District Court